UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 1st UNITED TELECOM, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-2255-B |
| | § | |
| MCI COMMUNICATIONS SERVICES, | § | |
| INC. d/b/a/ VERIZON BUSINESS | § | |
| NETWORK SERVICES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Plaintiff 1st United Telecom's Second Motion to Strike (doc. 26), filed May 2, 2011, and Defendant MCI Communications Services, Inc.'s Motion for Leave to File Second Amended Answer and Counterclaim (doc. 27), filed May 3, 2011. Having considered the Motions, the Court is of the opinion that Plaintiff's Motion to Strike should be and hereby is **DENIED** and that Defendant's Motion for Leave to File Second Amended Answer and Counterclaim should be and hereby is **DENIED** as well.

## I.

## BACKGROUND

This is a breach of contract action involving alleged non-payment of a local phone carrier (Plaintiff) by a national phone carrier (Defendant) for routing services associated with customers' use of Defendant's long distance and toll free phone services. (*See generally* Pl.'s Am. Compl.). Plaintiff originally brought suit in state court on October 1, 2010, and Defendant properly removed the case to federal court on November 5, 2010 (doc. 1). In February 2010, Plaintiff sought and

received leave to file an Amended Complaint, wherein Plaintiff "clarif[ied] existing causes of action and add[ed] a cause of action and additional damages." (Pl.'s Mot. Leave ¶ 2). Defendant filed an Amended Answer on March 4, 2011 (doc. 14), more than fourteen days after the filing of Plaintiff's Amended Complaint. Plaintiff filed its first Motion to Strike (doc. 15), noting that Defendant had missed the deadline for filing a response and alternatively arguing that certain defenses and an exhibit should be stricken from the Amended Answer. The Court agreed that the Amended Answer should be stricken as untimely but gave Defendant permission to file a Motion for Leave (doc. 20). Defendant then properly sought such leave, and the Court ordered the entrance of Defendant's Amended Answer and Counterclaim on April 11, 2011 (doc. 23).

Plaintiff now moves to strike Defendant's pleading for a second time (doc. 26). In its Motion, Plaintiff reasserts its objections to Defendant's inclusion of the affirmative defendants of res judicata and exclusive jurisdiction in its Amended Answer and to its attachment of an Order of the Texas Public Utility Commission (PUC) as an exhibit to the pleading. (Pl.'s Mot. Strike ¶¶ 2-3). Plaintiff argues that a determination from the PUC does not constitute a "judgment on the merits" necessary for *res judicata* to apply, thus nullifying the defenses and mandating the removal of the PUC Order attached to Defendant's Amended Answer. (*Id.* at ¶ 6; Pl.'s Reply 1). Defendant maintains that the ruling of the PUC is a final judgment for purposes of *res judicata* and that the PUC Order was properly attached as an exhibit to Defendant's Amended Answer. (Def.'s Resp. 4-7).

## II.

## LEGAL STANDARDS

Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[,]"

acting either *sua sponte* or upon a party's motion. Fed. R. Civ. P. 12(f). Motions to strike a portion of a pleading are generally viewed with disfavor and are seldom granted, as such motions seek a "drastic remedy" and are often "sought by the movant simply as a dilatory tactic." *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (citing *Augustus v. Bd. of Public Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)). A motion to strike should be denied if there is any question concerning law or fact. *Id.* Where, as here, a motion to strike is premised on the "insufficiency" of a defense, a movant must demonstrate that the defense is insufficient as a matter of law. *EEOC v. Courtesy Bldg. Servs., Inc.*, No. 3:10-CV-1911-D, 2011 WL 208408, at *1 (N.D. Tex. Jan. 21, 2011) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). However, even when dealing with a pure question of legal sufficiency, courts are still "very reluctant" to determine such issues on a motion to strike, instead viewing such questions "as best determined only after further development by way of discovery and a hearing on the merits, either on a summary judgment motion or at trial." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2004). The granting of a motion to strike falls within a court's sound discretion. *Niblo*, 821 F. Supp. at 449 (citing *Augustus*, 306 F.2d at 868).

## III.

## ANALYSIS

The Court finds that Plaintiff has wholly failed to demonstrate why the sufficiency of Defendant's *res judicata* and exclusive jurisdiction defenses should be considered at this early of a stage in the litigation. As evidenced by the parties' briefing, they hotly dispute the nature, extent, and finality of the PUC Order, as well as the effect such a ruling has on the instant case. The Court simply deems determination of the parties' contentions unwise at this early juncture in the discovery

process. *See* Wright and Miller, *supra*, at § 1381. Instead, consideration of Defendant's *res judicata* and exclusive jurisdiction defenses is more properly suited at either the summary judgment or trial phases of the litigation.[1] *See id.* Accordingly, Plaintiff's Motion to Strike is **DENIED**, without prejudice to Plaintiff reasserting the same or similar arguments either at summary judgment or trial.

As to Defendant's Motion for Leave to File Second Amended Answer and Counterclaim, the Court agrees with Plaintiff that granting such relief is both unnecessary and unduly burdensome on both the parties and the Court. The only changes Defendant seeks in the Second Amended Complaint are (1) to change all references to "Plaintiff," "Defendant," "Counter-Plaintiff," and "Counter-Defendant" to "Verizon Business" and "1st United" for purposes of "avoid[ing] any confusion and for consistency throughout the pleading" and (2) to change a single mistaken reference to "Verizon Wireless" to the proper "Verizon Business." The Court finds these changes alone to be an insufficient basis to allow amendment outside the deadlines provided by the Scheduling Order, and thus **DENIES** Defendant's Motion for Leave.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** both Plaintiff's Second Motion to Strike and Defendant's Motion for Leave to File Second Amended Answer and Counterclaim.

---

[1] Plaintiff argues, albeit in passing, that Defendant's attachment of the PUC Order to its Amended Answer is improper because such an Order is not a "written instrument" that may be attached as an exhibit to a pleading under Rule 10(c) of the Federal Rules of Civil Procedure. (Pl.'s Mot. Strike ¶ 6). Plaintiff does not cite to any authority to support this position and does not further address the issue in its Reply. The Court notes that the cases reported in Wright & Miller seem to favor the classification of such relevant documents as "exhibits" for purposes of Rule 10(c). *See* Wright & Miller, *Federal Practice and Procedure* § 1381, n.1. Furthermore, the Court is not bound to accept either parties' representations concerning the PUC's determination, but may separately examine the exhibit and attach whatever meaning & import the Court deems proper. *See id.* § 1381.

SO ORDERED.

DATED June 8, 2011

                                        _____
                                        JANE J. BOYLE
                                        UNITED STATES DISTRICT JUDGE