UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 1st UNITED TELECOM, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:10-CV-02255-B |
| | § | |
| MCI COMMUNICATIONS SERVICES, | § | |
| INC., d/b/a VERIZON BUSINESS | § | |
| NETWORK SERVICES, | § | |
| | § | |
| Defendant. | § | |

## OPPOSITION TO MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE JANE J. BOYLE:

NOW INTO COURT through undersigned counsel comes Defendant MCI Communication Services, Inc., d/b/a Verizon Business Network Services ("Verizon Business"), and respectfully submits this opposition to the motion for a protective order filed by Plaintiff 1st United Telecom, Inc. ("1st United").

Verizon Business issued the deposition notice to 1st United without a prior agreement to a date with 1st United's counsel, Mr. Eric Fein, because Mr. Fein had failed to respond to more than a dozen requests over five months to provide deposition dates. Furthermore, 1st United's motion and the supporting affidavit filed by its counsel both contain numerous misstatements of fact. Contrary to the claims made in those documents, plaintiff's counsel never called defense counsel after receiving the deposition notice, and defense counsel never refused to reschedule the noticed deposition. In fact, after plaintiff's counsel emailed defense counsel stating that he would be unavailable on the requested date, defense counsel responded by email the same day, offering to reschedule the deposition, provided that plaintiff provide another date, on or before

December 2, 2011, when a witness would be available.  1st United does not attach, or even mention, this response.  Verizon Business therefore submits this opposition to correct the factual record and to explain why 1st United's motion should be denied and 1st United should be ordered to pay Verizon Business's costs in opposing this motion.

## DISCUSSION

Verizon Business issued a deposition notice, pursuant to Fed. R. Civ. P. 30(b)(6), on November 9, 2011.  1st United is correct in stating that the parties had not agreed on a date for this deposition prior to its issuance, and that Verizon Business noticed the deposition for "November 17, 2011 … or such other time … as to be agreed upon by the parties."  As discussed further below, Verizon Business had a good reason for issuing the notice without an agreed-upon date:  1st United had failed to respond to five months' worth of requests for deposition dates.

Most of 1st United's remaining claims in the motion, however, are factually incorrect.  The motion states, "Plaintiff's counsel immediately called [defense counsel] Mr. Fisher [*sic*] and advised that the date was unacceptable due to prior commitments, yet in contradiction to his email, Mr. Fisher refused to reschedule."  No part of this sentence is true.  First, plaintiff's counsel did not call Mr. Fischer (or Mr. Broome, defendant's co-counsel).  As set forth in the attached affidavit of Michael Fischer, *at no time following the issuance of the deposition notice did Mr. Fein speak with Mr. Fischer.  See* Affidavit of Michael J. Fischer (attached hereto as Exhibit A).  Furthermore, Mr. Fischer did not "refuse[] to reschedule."  The facts are these:  Mr. Fein emailed Mr. Fischer late on November 10, 2011, stating that he was unavailable on the date in the deposition notice and demanding that Verizon Business withdraw the notice.  This email is attached to Mr. Fein's affidavit as Exhibit 1.  Later that evening, Mr. Fischer responded to Mr.

Fein by email. 1st United does not attach, or even acknowledge, this response. The responsive email (attached as Exhibit B), stated, in its entirety:

> Eric-
>
> As you certainly know, we have been requesting deposition dates for plaintiff's witnesses since June, and you have provided us with none. At our recent meet-and-confer session, you offered one date for a deposition, only to tell us that you were unavailable on that date. As a result, you left us with no choice but to issue a deposition notice.
>
> I am happy to discuss a schedule with you for all depositions, although I note again that we first requested that you provide us with deposition dates nearly five months ago, and you have not given us a single viable date. *Therefore, I must insist that you provide me with an alternative date on or before December 2, 2011, for the deposition that we have already noticed. Although we are willing to be flexible on scheduling that deposition, we do not agree to withdraw the notice, which seeks proper discovery.*
>
> In addition, we have not received any additional documents from plaintiff in this matter. You have had over four months to respond to our discovery requests, and still have not produced anything that Verizon Business did not already possess. Please let me know when you will produce the supplemental discovery that you agreed to produce during our recent meet-and-confer session. Furthermore, we have not received a privilege log; please let me know when we will receive one.
>
> I look forward to your prompt reply.
>
> Sincerely,
> Mike Fischer

Exhibit B (emphasis added). Mr. Fischer did not "steadfastly refuse[] to reschedule" – to the contrary, he expressly offered to reschedule, provided that 1st United provide an alternate date, on or before December 2, 2011, for the deposition.

Mr. Fein did not respond to this email. Instead, he proceeded to file this motion five days later, stating falsely that Mr. Fischer had "not contacted Plaintiff's counsel," Mot. at 8, and had "steadfastly refused to reschedule" the deposition, Mot. at 2. Mr. Fein's affidavit – which, again, does not acknowledge that Mr. Fischer responded to his original email and expressed a

willingness to reschedule the deposition – then goes on to claim that Mr. Fein "sent a follow-up e-mail, again requesting that the date for the deposition be changed." Fein Aff. ¶ 4. This is also not true. With the exception of his original email, to which Mr. Fischer responded, Mr. Fein did not email defense counsel regarding this deposition. Notably, Mr. Fein did not attach this alleged second email to his affidavit.

Thus, to be clear, the parties have communicated with respect to this deposition on three – and only three – occasions. *First*, Mr. Fischer emailed the notice to Mr. Fein on November 9, 2011, stating, "If you will be unable to produce a witness [on the requested date], please contact me immediately so that we may pick an alternate date." *Second*, Mr. Fein emailed Mr. Fischer on November 10, 2011, stating that he was unavailable on the date in the notice, and demanding that defendant withdraw the notice. *Third*, Mr. Fischer emailed Mr. Fein later on November 10, 2011, offering to reschedule the deposition, provided that Mr. Fein provide a date on or prior to December 2, 2011. Mr. Fein never responded to this message. There were no other communications of any sort between counsel for the parties during this period. The claims to the contrary in 1st United's motion and in Mr. Fein's affidavit are false.

It was necessary for Verizon Business to issue a deposition notice without prior agreement on a date because 1st United had refused to provide deposition dates to Verizon Business for *five months*. The relevant chronology is as follows:

1. On June 17, 2011, co-counsel for Defendant Stanley Broome wrote to Mr. Fein requesting deposition dates for three individuals, specifically proposing August 1-3, 2011, as possible dates. Mr. Fein did not respond. A copy of this letter is attached as Exhibit C.

2. On July 8, 2011, Verizon Business issued subpoenas and notices of depositions to 1st United's president and its outside consultant. The depositions were noticed for July 28 and July 29, 2011. Mr. Broome sent two email messages to Mr. Fein, asking him to accept service of these notices. These email messages are attached as Exhibit D.

3. Later on July 8, 2011, Mr. Broome sent the subpoenas and deposition notices to Mr. Fein by facsimile. This facsimile is attached as Exhibit E.

4. That same day, Mr. Fein called Mr. Broome and stated that he would be out of town on the deposition dates listed by Verizon Business, and further requested that defendant agree to stipulate to an extension of the current deadlines in the case by 90 days. Mr. Broome agreed to do so, *provided that Mr. Fein provide new deposition dates*. Mr. Fein did not provide new deposition dates.

5. On or before July 14, 2011, Mr. Fein contacted Mr. Broome to request that defendant agree to an extension of the deadline for plaintiff to respond to discovery requests served by Verizon Business. On July 14, 2011, Mr. Broome wrote to Mr. Fein, agreeing to the request. However, in that letter, Mr. Broome asked, yet again, that Mr. Fein provide him with dates for depositions. Specifically, he stated, "In addition, my clients would like to go ahead and select dates for the deposition of Mr. Maxey, Mr. Matteson and Mr. Wrobel. Could you please provide some dates for those depositions?" Mr. Fein failed to provide deposition dates. This letter is attached as Exhibit F.

6. On August 16, 2011, counsel for both parties conducted a face-to-face conference at Mr. Broome's office regarding a pending motion to compel filed by 1st United. This conference was ordered by Magistrate Judge Toliver after she determined that 1st United had failed to comply with its meet and confer obligations prior to filing its motion. *See* Dkt. No. 46. Mr. Broome and Verizon in-house counsel Keith Buell attended for Verizon Business. At that meeting, Mr. Broome and Mr. Buell asked Mr. Fein to provide deposition dates for his witnesses. Mr. Fein claimed that he had forgotten to bring his calendar. He stated that he would respond with dates for depositions, but failed to do so.

7. On August 31, 2011, Mr. Broome again emailed Mr. Fein. This email was prompted by the fact that, despite receiving two extensions of the deadline to respond to Verizon Business's discovery requests, Mr. Fein had nevertheless failed to produce any documents by the relevant deadline. At the end of this email, Mr. Broome stated, "We have asked you repeatedly for deposition dates and you continue to stall. We are tired of waiting. As such, we are setting the depos at a time convenient to us unless you give us proposed dates by the end of the week." This email is attached as Exhibit G.

8. On September 8, 2011, Mr. Broome again wrote to Mr. Fein, regarding Mr. Fein's failure to provide any relevant document discovery to Verizon Business. Verizon Business had repeatedly requested a conference to discuss 1st United's refusal to provide relevant discovery, but 1st United had failed to respond. Mr. Broome's September 8th letter stated, in bold

      type at the top, "THIRD REQUEST FOR CONFERENCE."  At the end of the letter, Mr. Broome stated, "In addition, we have repeatedly requested dates for depositions and we still have not received any dates. Please let me know dates for the depositions we have requested so that we can hold these on the calendar. If I do not hear from you regarding the dates, we will set them at a time convenient to us."  This letter is attached as Exhibit H.

9.     Mr. Fein failed to respond to this letter.  As a result, Verizon Business was forced to file a motion to compel with and note, in that motion, that 1st United had refused to meet-and-confer with respect to the discovery requests at issue.  *See* Dkt. No. 63.  Magistrate Judge Toliver then ordered 1st United to meet-and-confer with Verizon Business.  *See* Dkt. No. 68.  That motion is still pending.

10.     On September 23, 2011, Mr. Broome again wrote to Mr. Fein, asking him to "[p]lease provide deposition dates during the week of October 17, 2011" for ten specific individuals whom Mr. Broome identified (two of the three individuals previously identified and eight others).  Mr. Fein did not respond to this letter.  This letter is attached as Exhibit I.

11.     On October 4, 2011, Mr. Broome sent an email to Mr. Fein again asking for deposition dates for the individuals listed in his letter dated September 23, 2011.  Mr. Fein did not respond to this email.  This email is attached as Exhibit J.

12.     On October 6, 2011 as discussed above, Magistrate Judge Toliver ordered the parties to conduct a conference with respect to Verizon Business's pending motion to compel.  *See* Dkt. No. 68.  The parties scheduled this conference for October 26, 2011.  On October 20, 2011, Mr. Broome wrote to Mr. Fein, stating, "We have repeatedly asked you for deposition dates and given you a list of persons we intend to depose. Please bring your calendar and available dates for those depositions to the face-to-face conference."  This letter is attached as Exhibit K.

13.     On October 26, 2011, the parties conducted a conference, as ordered by Magistrate Judge Toliver.  Mr. Broome participated in person for Verizon Business, and Mr. Buell and Mr. Fischer participated by telephone.  Counsel for Verizon Business again asked Mr. Fein whether he could provide deposition dates.  After initially proposing one date for a deposition, Mr. Fein subsequently stated that, in fact, he was not available on that date, and that he could not schedule any depositions at that time.  He agreed to speak with his client and inform Verizon Business as to which of the ten individuals listed in Mr. Broome's letter dated September 23, 2011, he represented, and to provide deposition dates by October 28, 2011, for those that he did represent.  He failed to do either.

14. On November 9, 2011, Mr. Fischer sent Mr. Fein the deposition notice that is the subject of this motion.

15. On November 10, 2011, Mr. Fein emailed Mr. Fischer, demanding that he withdraw the notice.

16. On November 10, 2011, Mr. Fischer emailed Mr. Fein, expressing a willingness to reschedule the deposition, provided that Mr. Fein offer a date on or before December 2, 2011.

17. Mr. Fein did not respond to this email. Instead, on November 15, 2011, he filed this motion.

Thus, despite the fact that nearly five months have elapsed since Verizon Business first requested deposition dates – and that Verizon Business has made at least 12 separate requests to Mr. Fein that he provide deposition dates during that period – Mr. Fein has failed to offer a single viable date. It is for this reason that Verizon Business had no choice but to notice a deposition without agreement on the date. Verizon Business would not have taken this step were it not for 1st United's refusal to cooperate over a period of several months.

1st United's refusal to provide deposition dates is consistent with its overall approach to discovery in this litigation. As set forth in more detail in Verizon Business's memorandum in support of its pending motion to compel, *see* Dkt. No. 64, 1st United still has yet to produce *a single document* to Verizon Business that Verizon Business did not already possess and that is not publicly available. Specifically, on September 13, 2011, 1st United produced to Verizon Business 547 pages of documents – its only production to date.[1] Verizon Business carefully reviewed that production, and

---

[1] This belated production occurred after Verizon granted two extension requests to 1st United. Despite these two extensions, Verizon Business received 1st United's objections after the extended deadline, and 1st United did not produce any documents for an additional two weeks

7

determined that all 547 pages were documents that a) Verizon Business or its affiliates already possessed; or b) were publicly available.  For instance, 1st United produced a 233-page agreement between Verizon Southwest and 1st United, as well as 172 pages of pleadings from the docket in the prior dispute between Verizon Business and 1st United before the Texas Public Utility Commission.  In other words, 1st United went to great lengths to make it appear as if it were producing a significant volume of relevant documents, when, in fact, it was producing nothing at all.[2]

     1st United's motion also seeks a protective order on the ground that the list of subjects that Verizon Business attached to its deposition notice is improper.  Any challenge to the topics for the deposition is premature, as 1st United has failed to file objections or meet and confer with defendant with respect to these topics.  Furthermore, Verizon Business had no choice but to include numerous topics in its deposition because, again, 1st United has failed to produce any relevant discovery to Verizon Business.  And 1st United's other objections are baseless:  for instance, it objects to the topics on the ground that they "set[] a clear view of Defendant's *agenda*" and "presume Defendant's theories of the case are fact, rather than what they are, speculation" – failing to appreciate

---

after the extended deadline.  1st United still has never produced a privilege log, despite having moved to compel for supposed inadequacies in Verizon's log.

[2] After 1st United refused to meet-and-confer with respect to Verizon Business's discovery requests, Verizon Business subsequently filed a motion to compel.  Magistrate Judge Toliver ordered the parties to meet-and-confer with respect to those requests.  At that session, held October 26, 2011, Mr. Fein agreed to produce additional documents to Verizon Business.  He has not done so, as noted in Mr. Fischer's email to him dated November 11, 2011.  As a result, over four months after first serving discovery requests, Verizon Business has not received any discovery from 1st United that it did not already possess and could not obtain through public sources.

that the entire purpose of discovery is to explore relevant facts so as to determine which party's "theories of the case" are accurate.

Furthermore, it bears noting that, in responding to Verizon Business's discovery requests, 1st United has claimed that it had only one employee or officer during the relevant time period. *See* Memo in Support of Mot. to Compel at 11. If this claim is accurate (and Verizon Business contends that it is not), the burden of preparing for a Rule 30(b)(6) deposition on the relevant topics should be minimal, as there are no other individuals with whom 1st United's sole employee will be required to consult. The remainder of 1st United's discussion on this point consists of nothing but boilerplate language regarding the limits of discovery. 1st United lists several topics to which it objects, but does not explain in any detail why a single topic is objectionable. Therefore, if the Court wishes to address these objections, they should be overruled. 1st United cannot carry its burden of establishing that it is entitled to a protective order by simply listing 28 separate topics – including topics such as "1st United's communications network setup and equipment" and "Any decision by 1st United to bill for interstate or intrastate access charged in the absence of a governing tariff" – and alleging that they are "overbroad, irrelevant, harassing and burdensome," without any additional explanation as to why these categories are overbroad.

\*   \*   \*

Verizon Business remains willing to reschedule the deposition that it has noticed, provided that it is rescheduled for a date certain. Thus, it respectfully requests that the Court deny 1st United's motion for a protective order and instead order 1st United to provide a date, on or before December 2, 2011 (with the exception of November 23 through November 25, and

November 28), when it will produce a witness for the requested deposition.  Based on 1st United's assertion that its counsel will be out of town on November 17, 2011, Verizon Business will not attempt to take the deposition on that date.

      Verizon further requests that Mr. Fein be ordered to pay Verizon Business's costs in opposing this motion.  As documented above, Mr. Fein's discovery abuses and lies to this Court are flagrant and have imposed significant costs on Verizon Business in devoting additional resources to responding to this motion.  Mr. Fein's repeated obstructions of the discovery process have also required Verizon Business to spend additional money and time trying to extract documents and deposition dates from 1st United and its counsel.

## **CONCLUSION**

For the reasons set forth above, 1st United's motion for a protective order should be denied.

Respectfully submitted,

/s Stanley D. Broome

| | |
|---|---|
| Scott H. Angstreich (*pro has vice*) | Stanley D. Broome |
| D.C. Bar No.: 498539 | Texas SBN: 24029457 |
| Michael J. Fischer (*pro hac vice*) | Louisiana SBN: 24979 |
| D.C. Bar No.: 417085 | BROOME LAW FIRM, PLLC |
| KELLOGG, HUBER, HANSEN, TODD, | 105 Decker Court, Suite 850 |
|   EVANS & FIGEL, P.L.L.C. | Irving, Texas  75062 |
| 1615 M Street, N.W., Suite 400 | (214) 574-7500 (office) |
| Washington, D.C. 20036 | (214) 574-7501 (fax) |
| (202) 326-7900 | |
| (202) 326-7999 (fax) | |
| mfischer@khhte.com | |

November 16, 2011

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was served on the attorney for Plaintiff on this 16th day of November, 2011, by United States first-class mail, hand delivery, facsimile, or the Court's ECF system.

    Eric D. Fein, P.C. & Associates
    Vickie S. Brandt
    3500 Oak Lawn Avenue, Suite 510
    Dallas, Texas 754219
    214-522-9599 (fax)

                                                      s/Michael J. Fischer
                                                      **Michael J. Fischer**