UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 1st UNITED TELECOM, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:10-CV-02255-B |
| | § | |
| MCI COMMUNICATIONS SERVICES, | § | |
| INC., d/b/a VERIZON BUSINESS | § | |
| NETWORK SERVICES, | § | |
| | § | |
| Defendant. | § | |

**REPLY MEMORANDUM OF DEFENDANT VERIZON BUSINESS
IN SUPPORT OF ITS DOCUMENTATION OF ATTORNEY'S FEES**

TO THE HONORABLE JUDGE RENÉE HARRIS TOLIVER:

  Verizon Business respectfully submits this reply memorandum in support of its documentation of the fees it incurred in prosecuting its motion to compel.[1]  At the November 30, 2011, discovery hearing, the Court sanctioned plaintiff 1st United and ordered it to pay Verizon Business's fees in connection with litigating its motion to compel.  Consistent with Fifth Circuit precedent,[2] the Court ordered Verizon Business to submit "an estimation of [its] costs to … prosecute the motion to compel … by way of affidavit."[3]  Verizon Business did precisely that, by

---

[1] The Court's order did not expressly grant Verizon Business the opportunity to submit a reply in support of its fee petition.  Therefore, if required, Verizon Business respectfully moves for leave to submit this reply.  This reply is necessary to address the numerous misrepresentations contained in 1st United's opposition.

[2] *See Shipes v. Trinity Indus.*, 987 F.2d 311, 323-24 (5th Cir. 1993) (affirming award of Rule 37 attorney's fees based upon counsel's affidavit).

[3] The Court stated:

  THE COURT: Okay.  I'm going to grant [the sanctions motion].  I'm going to
  grant that one because I think it was -- because -- I'm granting the motion to

submitting two affidavits detailing the total amount that it spent in bringing the motion to compel.[4]  Verizon Business also made clear that it is willing to submit its actual bills to the Court for *in camera* review.  But the bills themselves are protected by the attorney-client privilege, and 1st United cites no authority for the proposition that Verizon Business must unilaterally waive its privilege in connection with its fee petition.  To the contrary, this Court has recognized that *in camera* review of attorney's bills is appropriate in connection with fee requests.  *See Beauticontrol, Inc. v. Burditt*, No. Civ.A.3:01–CV–0744–M, 2002 WL 31689706, at *2 (N.D. Tex. 2002) (overruling objection to *in camera* review of attorney's bills).

1st United devotes most of its opposition to a discussion of cases involving awards of attorney's fees under statutes that allow for fee awards to a plaintiff that has prevailed on the merits in a case.[5]  But here, the Court awarded fees under Rule 37 as a sanction for 1st United's

---

compel, and I don't -- and I believe that most of that could have been solved by genuine face-to-face conferencing.

And so I need you to submit to me no later than December 14th an estimation of your costs to bring and defend the -- well, or prosecute the motion to compel. And I'm going to give Mr. Fein until January 13th to make any objection to the costs that you submitted.

MR. FISCHER: Thank you, Your Honor.

THE COURT: *You can do that by way of affidavit.* That would be helpful.

So your motion for sanctions is denied as to the motion -- defending the motion for protective order, but granted as to the motion to compel.

Transcript of Proceedings at 88:22-89 (Nov. 30, 2011) ("11/30/11 Tr.") (emphasis added).

[4] Thus, 1st United's assertion that Verizon Business "failed to comply with the instruction of the Court" is baseless.  1st United's Opposition to Defendant's Statement of Costs and Fees ¶ 1 (filed Jan. 13, 2012) ("1st United Opp.").

[5] With two exceptions, all of the cases cited by 1st United involved fee awards under statutes that provide for such awards to prevailing parties.  *See Cobb v. Miller*, 818 F.2d 1227, 1230 n.4 (5th Cir. 1987) (fee award under Civil Rights Attorney's Fees Act); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (same); *Watkins v. Fordice*, 7 F.3d 453, 456-57 (5th Cir. 1993) (same); *Walker v. United States Dept. of Housing and Urban Dev.*, 99 F.3d 761, 770 (5th

egregious conduct in discovery – specifically its refusal to confer with Verizon Business on its objections to Verizon Business's discovery requests.  As a result, the cases 1st United cites are not relevant to determining whether Verizon Business's fees are reasonable.  Contrary to 1st United's claims, it is not always necessary for a court to conduct a "lodestar" analysis in assessing the reasonableness of fees to be award as a sanction for a party's discovery abuses; rather, the court must simply assess whether the fees incurred were "reasonable."  *See Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993).[6]  Likewise, the *Johnson* factors – which include criteria such as "the preclusion of other employment by the attorney due to acceptance of the case" and "the 'undesirability' of the case" – are irrelevant to an assessment of whether an award of fees as a sanction for discovery abuses is reasonable.  *See* 488 F.2d at 718, 719.

---

Cir. 1996) (same); *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (fee award under the Individuals with Disabilities Education Act); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (fee award under the Civil Rights Act of 1964); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (fee award under the Clayton Act); *Merrick v. Michael J. Scott, P.C.*, No. 3:10-CV-2536-M (BK), 2011 U.S. Dist. LEXIS 78977, at *4-*5 (N.D. Tex. June 22, 2011) (fee award under the Fair Debt Collection Practices Act).

The first exception, *SEC v. Saleh*, No. 3:09-CV-1778-M-BK, 2010 U.S. Dist. LEXIS 84366 (N.D. Tex. July 28, 2010), did not even involve a fee award to a party, but rather an analysis of fees to be paid to a court-appointed distribution agent.  The second exception, *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 180-81 (5th Cir. 2007), involved a fee award under 28 U.S.C. § 1927, which permits such awards where an attorney "so multiplies the proceedings in any case unreasonably and vexatiously."  That case does not support 1st United's position, because it did not adopt the "lodestar" method in assessing whether the fees assessed were appropriate – rather, it simply recognizes that a district court may reduce fees that it finds to be excessive or unreasonable, a point which is not in dispute.  495 F.3d at 181-82.

[6] In *Shipes*, the Fifth Circuit considered two separate awards of attorney's fees in the same case – one under the Civil Rights Act of 1964, and the second under Rule 37.  The court first reviewed the statutory award, and in so doing conducted a rigorous lodestar analysis.  But in reviewing the fees assessed as a discovery sanction under Rule 37, the court simply assessed the reasonableness of the fees charged, without reference to the lodestar at all.  *Compare Shipes*, 987 F.2d at 319-23 (lodestar) *with id.* at 323-24 (reasonableness).  To be clear, the Court *may* utilize the "lodestar" method in evaluating a Rule 37 petition, *see*, *e.g.*, *Tollett v. City of Kemah*, 285 F.3d 357, 367-68 (5th Cir. 2002), but *Shipes* makes clear that it is not required to do so.

1st United also argues that the fees charged by Verizon Business are excessive, insofar as they reflect significant time spent by multiple attorneys. 1st United's argument ignores why the Court assessed fees in the first place. In granting Verizon Business's fee request, the Court concluded, "I believe that most of [the disputed issues] could have been solved by genuine face-to-face conferencing." 11/30/11 Transcript at 88:24-89:1. The Court was correct – the disputed issues could have been resolved through meaningful conferencing. But 1st United's counsel failed to respond to multiple requests to confer regarding its objections (nearly all of which were groundless to begin with), culminating in Verizon Business's counsel sending a "THIRD REQUEST FOR CONFERENCE" letter to 1st United's counsel. *See* Verizon Business Mem. in Support of Mot. to Compel (Doc. 64) at 13-14 (filed Sept. 30, 2011). 1st United ignored this letter as well. 1st United's refusal to confer increased Verizon Business's costs, as Verizon Business's counsel devoted considerable time and effort to *attempting* to confer with 1st United's counsel regarding its discovery requests. 1st United cannot now plausibly claim that Verizon Business's fees are "excessive," when its own intransigence was responsible for many of those fees.

1st United also attaches an affidavit asserting that the rates charged by Verizon Business's attorneys "are not usual and customary fees for legal services performed by these attorneys in this case." Affidavit of Eric Fein (filed Jan. 13, 2012). But Mr. Fein offers no support for this assertion. He does not explain, for instance, what an appropriate hourly rate would be for attorneys with the background and experience of Verizon Business's attorneys. In fact, there is no evidence that he made any effort to investigate the background and experience of those attorneys. Nor does he explain how he concluded that the rates charged by Verizon Business's counsel are "not usual and customary." All of Verizon Business's attorneys charged

4

Verizon Business their "usual and customary" rates. Mr. Fein's conclusory affidavit, therefore, provides no basis for calling into question Verizon Business's counsel's rates.

Finally, 1st United's opposition requests – albeit obliquely – that the Court require Verizon Business's fees to be paid by 1st United itself, rather than its counsel. *See* 1st United Opp. ¶ 17. Verizon Business sought fees under Rule 37(a)(5)(A), which permits awards of fees in connection with motions to compel against "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both." Fed. R. Civ. P. 37(a)(5)(A). Here, the Court found that it was 1st United's counsel's refusal to confer with Verizon Business regarding 1st United's counsel's objections that warranted the sanctions, observing that "most of [the objections] could have been solved by genuine face-to-face conferencing." 11/30/11 Tr. at 88:24-89:1. Thus, it would be appropriate for the Court to assess fees solely against 1st United's counsel, or against 1st United and its counsel, jointly and severally. Although Mr. Fein has been permitted to withdraw from this case based on his client's apparent failure to communicate with him, *see* Order (Jan. 18, 2012) [Dkt. No. 111], there is nothing in the record to suggest that his client was responsible for his sanctionable conduct – nor is it plausible that Mr. Fein's client could have been responsible for his failure to respond to multiple calls and letters requesting a conference regarding his discovery objections. Because Mr. Fein has not shown that his client is wholly responsible for the sanctionable conduct, sanctions should either be imposed against 1st United's counsel, or against 1st United and its counsel, jointly and severally.

## CONCLUSION

For the reasons set forth above, Verizon Business respectfully requests that the Court award its attorney's fees as detailed in its previous submission.

                                                  Respectfully submitted,

                                                  s/ Stan Broome

| | |
|---|---|
| Scott H. Angstreich (*pro has vice*) | Stanley D. Broome |
| D.C. Bar No.: 498539 | Texas SBN: 24029457 |
| Michael J. Fischer (*pro hac vice*) | Louisiana SBN: 24979 |
| D.C. Bar No.: 417085 | BROOME LAW FIRM, PLLC |
| KELLOGG, HUBER, HANSEN, TODD, | 105 Decker Court, Suite 850 |
|   EVANS & FIGEL, P.L.L.C. | Irving, Texas  75062 |
| 1615 M Street, N.W., Suite 400 | (214) 574-7500 (office) |
| Washington, D.C. 20036 | (214) 574-7501 (fax) |
| (202) 326-7900 | |
| (202) 326-7999 (fax) | |
| mfischer@khhte.com | |

January 27, 2012

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on the attorney for plaintiff on this 27th day of January, 2012, by United States first-class mail, hand delivery, facsimile, or the Court's ECF system.

    Eric D. Fein
    Vickie S. Brandt
    3500 Oak Lawn Avenue, Suite 510
    Dallas, Texas 754219
    214-522-9599 (fax)

                                                            _s/Stan Broome_
                                                           **Stanley D. Broome**